## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON L. BROWN, PETER A. YOUNG, NINA DANIEL, RUSSELL S. CRABTREE, KIMBERLY L. NESBITT and ERIN N. WHEELER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>THE MITRE CORPORATION, THE BOARD OF TRUSTEES OF THE MITRE CORPORATION, THE INVESTMENT ADVISORY COMMITTEE OF THE MITRE CORPORATION and JOHN DOES 1-30,<br><br>      Defendants. | CIVIL ACTION NO.: 1:22-cv-10976 |

### JOINT MOTION TO STAY PENDING MEDIATION

Plaintiffs Aaron L. Brown, Peter A. Young, Nina Daniel, Russell S. Crabtree, Kimberly L. Nesbitt, and Erin N. Wheeler ("Plaintiffs") and Defendants The MITRE Corporation, The Board of Trustees of the MITRE Corporation, and The Investment Advisory Committee of the MITRE Corporation (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this joint motion to stay pending attempted mediation before a third-party mediator, and, in support, state as follows:

1. Plaintiffs filed their Complaint on January 13, 2022.  ECF No. 1.  After Defendants filed a Motion to Dismiss the Complaint in its entirety on April 4, 2022 (ECF No. 16), Plaintiffs filed an Amended Complaint on April 18, 2022.  ECF No. 22.

2. On May 16, 2022, Defendants filed a Motion to Dismiss the Amended Complaint in its entirety.  ECF No. 26.

1

3.     On May 31, 2022, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss (ECF No. 29), and on June 17, 2022, Defendants filed a Reply in Further Support of their Motion to Dismiss.  ECF No. 33.

4.     On March 6, 2023, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint.  ECF No. 69.

5.     On March 27, 2023, Defendants filed their Answer to Plaintiffs' Amended Complaint.  ECF No. 63.

6.     On April 3, 2023, the Court adopted the parties' proposed Joint Case Management Schedule.  ECF No. 65.

7.     The parties have conferred and have elected to attempt mediation before third-party mediator Hunter Hughes on March 20, 2024.

8.     Thus, the parties now jointly seek to stay of all proceedings in this case until they have attempted mediation.

9.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

10.    A stay is appropriate here because *both* parties will be injured absent a stay of all proceedings, because it would be a waste of both the Court's and the parties' resources to continue litigating this case while simultaneously pursuing mediation.

11.    If a stay is not entered, the parties anticipate proceeding to written and deposition discovery.  In that case, the parties would be forced to invest considerable time, resources, and expense, and the Court too may be required to expend resources, including for example, in evaluating and resolving any discovery disputes.  The parties submit that this is not an efficient

use of the parties' or the Court's resources given the possibility that the parties may be able to resolve the case through mediation.

12.     On the other hand, if the Court grants the parties' joint request for a continued stay of all proceedings, both parties (and the Court) will preserve the considerable time and resources in conducting discovery.

13.     Finally, the public interest will be served by the continued stay insofar as it will continue to promote judicial economy for all the reasons described herein.  *See Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 18 (D. Mass. 2002) (recognizing "the public interest in judicial economy" in context of 28 U.S.C. § 1404(a) transfer analysis).

14.     The parties make this motion without the purpose or intent to delay and with the belief that the proposed continued stay will not prejudice any party.

15.     For the foregoing reasons, the parties respectfully request that the Court grant this joint motion to stay these proceedings.  The parties further request that they jointly submit a proposed scheduling order in this matter within fourteen (14) days of mediation, should mediation fail to resolve the case.

Dated:  December 14, 2023

Respectfully submitted,

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh
Donald R. Reavey
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
markg@capozziadler.com
donr@capozziadler.com


*Attorneys for Plaintiffs*

/s/ *Keri L. Engelman*
Keri L. Engelman, Bar No. 704360
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7828
Facsimile: (617) 341-7701
keri.engelman@morganlewis.com

Jeremy P. Blumenfeld (*admitted pro hac vice*)
Shane C. O'Halloran (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA  19103-3007

Phone:  215.963.5000
Fax:  215.963.5001
jeremy.blumenfeld@morganlewis.com
shane.ohalloran@morganlewis.com

*Attorneys for Defendants*

## **RULE 7.1 CERTIFICATE**

Counsel for the parties hereby certify that they met and conferred regarded the requested relief. The parties jointly request and consent to the requested relief.

*/s/ Keri L. Engelman*
Keri L. Engelman

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF Filing System on this 14th day of December, 2023.

*/s/ Keri L. Engelman*
Keri L. Engelman
