## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON L. BROWN, PETER A. YOUNG, NINA DANIEL, RUSSELL S. CRABTREE, KIMBERLY L. NESBITT and ERIN N. WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MITRE CORPORATION, THE BOARD OF TRUSTEES OF THE MITRE CORPORATION, THE INVESTMENT ADVISORY COMMITTEE OF THE MITRE CORPORATION and JOHN DOES 1-30.<br><br>Defendants. | CIVIL ACTION NO.: 1:22-cv-10976-DJC |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF FORM AND MANNER OF SETTLEMENT NOTICE,
AND SCHEDULING OF A FAIRNESS HEARING**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1.      I am a member in good standing of the bars of the Commonwealth of Pennsylvania and State of New Jersey, and I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently thereto.

2.      I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my law firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

*Procedural History*

3.      Following several months of investigation, including engaging consulting experts, Plaintiffs, Peter A. Young, Nina Daniel, Russell S. Crabtree, Kimberly L. Nesbitt, and Erin N.

1

Wheeler, filed a Complaint on June 22, 2022 against several Defendants. *See* ECF No. 1. The Defendants are MITRE Corporation. ("MITRE"), the Board of Trustees of MITRE Corporation (the "Board"), and the Investment Advisory Committee of the MITRE Corporation. *See id*.

4.      Plaintiffs alleged, *inter alia*, that throughout the Class Period, Defendants violated their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, failing to investigate the availability of lower-cost share classes of certain mutual funds in the MITRE Corporation Tax Sheltered Annuity Plan ("TSA Plan") and/or the Qualified Retirement Plan ("QRP Plan") (collectively, the "Plans") and imprudently overpaid for administrative and recordkeeping services utilized by the Plans.

5.      On August 23, 2022, Defendants filed their Motion to Dismiss Plaintiffs' Complaint. *See* ECF No. 16.

6.      On September 6, 2022, Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss. *See* ECF No. 20. Defendants filed a Reply in support of their motion to dismiss on September 30, 2022. *See* ECF No. 26.

7.      On March 6, 2023, the Court granted Defendants' motion to dismiss as to Plaintiff Aaron Brown, and denied the motion to dismiss as to all other Plaintiffs. *See* ECF No. 57.

8.      On March 27, 2023, Defendants filed their Answer to Plaintiffs Complaint. *See* ECF No. 63.

9.      On April 5, 2023, Defendants filed a Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). *See* ECF Nos. 68, 69.

10.      On April 19, 2023, Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF 70).

On May 5, 2023, Defendants filed a Reply in Support of Their Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). *See* ECF No. 70.

11.     On June 13, 2023, the Court issued an Order denying Defendants' Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF 74).

12.     Plaintiffs filed their Motion for Class Certification (ECF 75-77) on July 26, 2023, and on September 8, 2023, the Parties jointly filed a Stipulation and Proposed Order regarding class certification (ECF 80). The Court adopted the stipulation (ECF 81) and certified the Class on September 18, 2023.

13.     On December 14, 2023, the Parties filed a Joint Motion to Stay Proceedings Pending Mediation (ECF 84), which the Court granted on January 19, 2024 (ECF 85).

14.     On April 2, 2024, the Parties filed a Joint Status Report Following Mediation (ECF 89) and requested a continuance of the stay to continue negotiations.  The Court granted the stay (ECF 90) on April 4, 2024.

15.     On May 16, 2024, the Parties filed a Joint Status Report Following Mediation (ECF 91) and requested a continuance of the stay to continue negotiations.

16.     On June 6, 2024, the Parties filed a Notice of Settlement (ECF 92).

***Discovery Practice***

17.     On February 15, 2021, and March 25, 2021, prior to filing suit, Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA.

18.     In response to Plaintiffs' request, on April 1, 2021, Defendants produced numerous responsive documents.

19.     On April 18, 2023, Plaintiffs served Initial Disclosures.

20.     On May 8, 2023, Defendants served Initial Disclosures.

21.     On June 2, 2023, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Defendants.

22.     On December 6, 2023, Defendants served their First Set of Interrogatories and Requests for Production of Documents on Plaintiffs.

23.     On January 5, 2024, Plaintiffs served their objections and responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.

### Settlement Negotiations

24.     Roughly one week before their voluntary mediation session, the Parties emailed the mediator and each other mediation statements advocating for their respective sides.

25.     On March 20, 2024, the Parties engaged in their first full-day mediation session with Hunter Hughes, Esq. of HRH, an experienced ERISA mediator.  Following the in-person session the Parties continued to negotiate telephonically with Mr. Hughes as the intermediary.

26.     On June 6, 2024, the Parties informed the Court a settlement had been reached (ECF 92). The Parties then continued to discuss the final details of the settlement agreement.

27.     The Parties agreed to settle this matter for $3,400,000.00.  The Settlement Agreement is attached hereto as Exhibit 1.  Based on the aforementioned negotiations and exchange of information, the Parties were able to negotiate a fair settlement.

28.     It is Plaintiffs' Counsel's opinion that the proposed settlement is fair and reasonable.

### The Settlement Terms

29.     The Settlement provides MITRE will pay Three million four hundred thousand dollars ($3,400,000.00)– the Gross Settlement Amount – to be allocated to participants on a *pro rata* basis pursuant to the proposed Plan of Allocation (*see* Exhibit B to Settlement Agreement) in

exchange for releases and dismissal of this action (described in Article 7 of the Settlement Agreement).

30.     The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' Counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards if awarded by the Court.

31.     The Class Members include all individuals in the Settlement Class, or:

> [a]ll persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

*See* Settlement Agreement, Section 1.46.

32.     The Net Settlement Amount will be allocated to each Class Member in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members. *See* Plan of Allocation at II.C.  Class Members who are entitled to a distribution of less than the minimum amount of $10.00 will receive $10.00, the De Minimis amount, from the Net Settlement Amount. *Id.* at II.D.   Former Participants shall be paid directly by the Settlement Administrator by check.  *Id*. at II.F.

33.     Class Counsel intends to seek to recover their attorneys' fees not to exceed $1,133,220.00 (33 1/3% of the Gross Settlement Amount). *See* Settlement Agreement, Section 6.1. Class Counsel also intends to seek to recover litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $50,000.00. *Id.*   Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $7,500 for each Plaintiff, Peter A. Young, Nina Daniel, Russell S. Crabtree, Kimberly L. Nesbitt, and Erin N. Wheeler. *Id.*

34.     Defendants also intend to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Sections 1.26.  The fees and expenses of the Independent Fiduciary, not to exceed $25,000, will be paid from the Gross Settlement. *Id.*, Section 2.1.3.

### Counsel's Experience

35.     I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law.  While at Temple, I was the research editor for the Temple International and Comparative Law Journal.  After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

36.     I have been litigating ERISA fiduciary breach lawsuits for over 19 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am a partner and chair of the Fiduciary Practice Group.  Over my career I have been actively involved in many high-profile ERISA class actions.  For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants.  *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

37.     The ERISA team at Capozzi consists of several seasoned senior and junior attorneys as well as a support staff which includes paralegals and other paraprofessionals who assist in the practice.

38.     Capozzi Adler has significant resources with three office locations.  We have been serving clients for over 25 years offering a full range of legal services.  I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions.  Recently,

Capozzi Adler was appointed class counsel in the following matters: *McCool v AHS Management*, No. 3:19-cv-001158 (ECF 130) (appointing Capozzi Adler as Class Counsel); *Sweet v. Advance Auto Stores Co., Inc.*, No. 7:21-cv-549, slip op. (W.D. Va. June 9, 2023) (ECF. 54); *Huang, et al., v. TriNet HR III, Inc., et al.*, No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022) (ECF 85) (appointing Capozzi Adler as Class Counsel); *Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572, Slip Op. (M.D. Fla. June 5, 2023) (ECF. 92); *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action).

39.     The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions.  *See, e.g., Tobias et al v. NVIDIA Corp.*, 4:20-cv-06081-JST (N.D. Cal. Sept. 11, 2023)  (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Davis v. Magna Int'l of America, Inc.*, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Kendall et al v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071-D (ECF No. 28) (E.D.N.C. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00654-FDW-DSC (ECF No. 25) (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Parmer, et al. v. Land O'Lakes, Inc., et al.*, 2021 WL 464382 (D. Minn. Feb 9, 2021) (same); *In re Medstar ERISA Litig.*, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Jones v. Dish Network Corp.*, No.

22-cv-00167-CMA-STV (D. Colo. Nov. 6, 2023); *Seibert v. Nokia Corp. of America*, No. 21-20478 (D.N.J. Aug. 8, 2023).

40.     We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See e.g., See e.g., Kruchten, v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3rd Cir. Jul. 24, 2024) (reversing dismissal of ERISA excessive fee action); *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024) (same); *Kong et al. v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022) (same). Conversely, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case).

41.     My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for its clients and class members. *See, e.g., McNeilly v. Spectrum Health System*, Civil Action No. 1:20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Peterson v. Insurance Services Office, Inc.*, No. 2:20-cv-132233-AME (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Buescher, et al., v. Brenntag North America, Inc., et al.*, No. 5:20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc.*, Civil Action No. 1:22-cv-04956-TWT (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.*, Civil Action No.: 5:21-cv-00199-HE (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp., et al.*, No. 4:20-CV-00043-BCW

(W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken, et al. v. ManTech Int'l Corp, et al.*, No. 1:20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

42.     Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery and attending mediation.

43.     Given my years of experience in this field of law, including, trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc.*, No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### *Plaintiffs Are Adequate Class Representatives*

44.      Each of the Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

45.     Attached as Exhibit 2 is the Declaration of Peter A. Young in Support of the Settlement.

46.     Attached as Exhibit 3 is the Declaration of Nina Daniel in Support of the Settlement.

47.     Attached as Exhibit 4 is the Declaration of Russell S. Crabtree in Support of the Settlement.

48.     Attached as Exhibit 5 is the Declaration of Kimberly L. Nesbitt in Support of the Settlement.

49.     Attached as Exhibit 6 is the Declaration of Erin N. Wheeler in Support of the Settlement.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 9th day of September, 2024, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***